LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ADELE SOLOMON,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK COUNTY,<br><br>    Defendant.<br>_____/ | Case No.: 2:14-CV-01680<br><br><br><br><br>**JURY TRIAL DEMANDED** |

    COMES NOW Plaintiff Adele Solomon, by and through undersigned counsel Adam Levine, Esq. of the Law Office of Daniel Marks and for her Causes of Action against Defendant Clark County alleges follows:

    1.    At all times material hereto Plaintiff was a resident of Clark County, Nevada.

    2.    At all times material hereto Defendant Clark County was a political subdivision of the State of Nevada and an employer within the meaning of 29 U.S.C. §203(d).

    3.    The United States District Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (hereafter "FLSA").

    4.    At all times material hereto Plaintiff was employed by Defendant Clark County as an Infection Control Nurse. Because Plaintiff was paid solely on an hourly basis for work performed, she does not fall under the learned professional exemption under the FLSA.

5. When Clark County Fire Department Personnel are exposed to a potentially infectious agent, Plaintiff would be contacted to ensure that the proper infection control protocols were followed. Following the departure of the employee who shared these duties with Plaintiff, the sole responsibility for being the designated contact in such circumstances was with Plaintiff.

6. Plaintiff's responsibilities as the Infection Control Nurse required her to be available 24 hours a day, 7 days a week due to Clark County's failure to hire another individual to share these responsibilities with Plaintiff. Plaintiff had to remain in cellular phone contact availability at all times after working for regular eight-hour shift, could not travel in areas where there was no coverage, and when she travel by airplane was required to arrange for alternative coverage during the periods she was in the air and unavailable.

7. Clark County agreed by contract with Plaintiff's exclusive bargaining representative that the time spent by Plaintiff on standby, as well as times that she was contacted and required to coordinate a response to an potential infectious incident after working a regular eight-hour shift, constituted work for the benefit of the employer. Clark County agreed to pay one quarter hour of the regular hourly wage for every hour on standby that Plaintiff was not contacted, and one and one half times the regular hourly rate for all time that she was actually contacted to respond to a potential infectious incident.

8. Clark County failed to pay Plaintiff for any of the time that spent working for the benefit of Clark County after her eight-hour shifts. In 2011 Plaintiff had 6,737.25 hours of uncompensated standby work and 94.25 hours of actual after-hours calls. In 2012 Plaintiff had 6,840.5 hours of uncompensated standby work and 89.25 hours of after-hours calls. In 2013 Plaintiff had 6,949.75 hours of uncompensated standby work and 124.5 hours of after-hours calls. There are additional hours of uncompensated standby work and after-hours calls for 2014 prior to Clark County acknowledging its failure to appropriately compensate Plaintiff.

9. The actions of Clark County as set forth above violate the FLSA.

10. Clark County's violation of the FLSA was willful so as to warrant damages being imposed for the past three (3) years as well as for the imposition of an equal amount as liquidated damages.

11. Plaintiff is entitled to an award of her attorney fees and litigation costs incurred.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For all damages at one and one half times her hourly rate for all uncompensated work for the benefit of Defendant;

2. For an equal amount as liquidated damages;

3. For attorney's fees and litigation costs incurred; and

4. For such other and further relief as the court deems just and equitable and/or proper.

DATED this 13th day of October, 2014

LAW OFFICE OF DANIEL MARKS

_____
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*